IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ALFRED DAVID HARDY, III, #186078, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:15-CV-597-WKW |
| | ) |
| MONTGOMERY CLERK, et al., | ) |
| | ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION**

This cause of action is before the court on a 42 U.S.C. § 1983 complaint filed by

Alfred David Hardy, III ("Hardy"), a state inmate, on August 10, 2015.[1]  In the complaint,

Hardy alleges that in August of 1996 the defendants utilized an "unverified social security

number" on his criminal case action summary report in Montgomery County Circuit Court

Case No. CC1995-2007.  *Complaint - Doc. No. 1* at 1-2.  Hardy seeks information on his

social security number and an investigation into this matter.  *Id*. at 4.

Upon review of the complaint, the court concludes that dismissal of this case prior

---

[1] The envelope in which Hardy mailed the complaint indicates that Hardy placed the complaint in the prison mail system on August 10, 2015.  *Doc. No. 1* at 5.  A *pro se* inmate's complaint is deemed filed the date it is delivered to prison officials for mailing.  *Houston v. Lack,* 487 U.S. 266, 271-272 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993).  Thus, the court considers August 10, 2015 as the date of filing.

to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B)(i).[2]

## II.  DISCUSSION

Hardy challenges the presence of an unverified social security number on his case

action summary report which appeared in August of 1996.  It is clear from the face of the

complaint that the claim presented by Hardy is barred by the statute of limitations relevant

to a 42 U.S.C. § 1983 action filed in this court.

> All constitutional claims brought under § 1983 are tort actions, subject to the
> statute of limitations governing personal injury actions in the state where the
> § 1983 action has been brought.  *Wilson v. Garcia*, 471 U.S. 261, 275-76,
> 105 S.Ct. 1938, 1946-47, 85 L.Ed.2d 254 (1985).  [The plaintiff's] claim was
> brought in Alabama where the governing limitations period is two years.
> Ala. Code § 6-2-38; *Jones v. Preuit & Mauldin*, 876 F.2d 1480, 1483 (11th
> Cir. 1989) (en banc).   Therefore, in order to have his claim heard, [the
> plaintiff is] required to bring it within two years from the date the limitations
> period began to run.

*McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir. 2008).

The claim made the basis of the instant complaint arose in August of 1996.  By its

express terms, the tolling provision of *Ala. Code* § 6-2-8(a) provides no basis for relief to

Hardy from application of the time bar.[3]  Thus, the statute of limitations began to run on

---

[2] The court granted Hardy leave to proceed *in forma pauperis* in this cause of action.  *Order of August 19, 2015 - Doc. No. 3*.  The complaint is therefore subject to screening under 28 U.S.C. § 1915(e)(2)(B) which requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

[3] This section allows tolling of the limitations period for an individual who "is, at the time the right accrues ... insane...."  *Ala. Code* § 6-2-8(a).  In *Hard y v. Ala. Dept. of Corrections Health Services & Mental Health Services, et al.*, 2:15-CV-596-WKW-TFM (M.D. Ala.), Hardy references suffering from depression in the late 1980's and paranoid schizophrenia from December of 2000 until June of 2002 and again during the current year.  However, there is no

the claim presented herein in August of 1996.[4]  The limitations period ran uninterrupted until it expired on September 1, 1998.  As previously noted, Hardy filed the instant complaint on August 10, 2015.  Thus, this filing occurred almost seventeen years after expiration of the period of limitations.

Unquestionably, the statute of limitations is usually a matter which may be raised as an affirmative defense.  The court notes, however, that in an action proceeding under section 1983, it may consider, *sua sponte*, affirmative defenses that are apparent from the face of the complaint.  *Clark v. Georgia Pardons and Parole Board*, 915 F.2d 636, 640 n.2 (11th Cir. 1990); *see also Ali v. Higgs*, 892 F.2d 438 (5th Cir. 1990).  "[I]f the district court sees that an affirmative defense would defeat the action, a section 1915[(e)(2)(B)(i)] dismissal is allowed."  *Clark*, 915 F.2d at 640.  "The expiration of the statute of limitations is an affirmative defense the existence of which warrants dismissal as frivolous.  *See Franklin* [*v. State of Oregon*], 563 F.Supp. [1310] at 1330, 1332."  *Id*. at n.2.

In analyzing § 1983 cases, "the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the

---

indication that Hardy has ever been diagnosed as legally insane.  Hardy was convicted and sentenced for robbery in 1996 by the Circuit Court of Montgomery County, Alabama in the criminal case relative to the case action summary at issue.  *See http://www.doc.state.al.us.*  This action by the state court establishes that Hardy was not legally insane at such time.  Additionally, the Circuit Court of Madison County, Alabama imposed a conviction and sentence for murder upon Hardy in 2002, *id*., again demonstrating his competency to stand trial.

[4] In computing the federal period of limitations, "exclude the day of the event that triggers the period[.]"  Rule 6(a)(1)(A), *Federal Rules of Civil Procedure*.  Thus, assuming the instant claim for relief arose on the last day of August in 1996, the limitations period began to run the following day - September 1, 1996.

answer." *Ali*, 892 F.2d at 440.  "It necessarily follows that in the absence of ... defendants the ... court must evaluate the merit of the claim *sua sponte*."  *Id*.

> An early determination of the merits of an IFP proceeding provides a significant benefit to courts (because it will allow them to use their scarce resources effectively and efficiently), to state officials (because it will free them from the burdens of frivolous and harassing litigation), and to prisoners (because courts will have the time, energy and inclination to give meritorious claims the attention they need and deserve).  "We must take advantage of every tool in our judicial workshop." *Spears* [*v. McCotter*], 766 F.2d [179, 182 (5th Cir. 1985)].

*Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

Based on the facts apparent from the face of the present complaint, Hardy has no legal basis on which to proceed as he filed this case more than sixteen years after the action which forms the basis of the complaint occurred.  As previously determined, the statutory tolling provision is unavailing.  Consequently, the two-year period of limitations expired, at the latest, on September 1, 1998, well over sixteen years prior to Hardy filing the instant complaint.  In light of the foregoing, the court concludes that Hardy's claim challenging the presence of an alleged unverified social security number on his criminal case action summary sheet in August of 1996 is barred by the applicable two-year period of limitations and this claim is therefore subject to summary dismissal pursuant to the directives of 28 U.S.C. § 1915(e)(2)(B)(i).  *See Clark v. Georgia Pardons and Parole Board*, 915 F.2d 636

(11th Cir. 1990); *see also Neitzke v. Williams*, 490 U.S. 319, 327 (1989).[5]

Assuming *arguendo* that Hardy filed the complaint within the limitations period, he would nevertheless be entitled to no relief.  To state a viable claim for relief in a 42 U.S.C. § 1983 action, the conduct complained of must have deprived the plaintiff of rights, privileges or immunities secured by the Constitution. *American Manufacturers Mutual Ins. Co. v. Sullivan*, 526 U.S. 40, 119 S.Ct. 977, 985, 143 L.Ed.2d 130 (1999); *Parratt v. Taylor*, 451 U.S. 527 (1981); *Willis v. University Health Services, Inc.*, 993 F.2d 837, 840 (11th Cir. 1993).  The mere presence of an unverified social security number on a case action summary sheet generated by a state court does not implicate the violation of any constitutional right.  In light of the foregoing, it is clear that the complaint fails to present a cognizable claim and, even if considered timely filed, is due to be dismissed in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED with prejudice prior to service of process pursuant to the directives of 28 U.S.C. § 1915(e)(2)(B)(i) as the plaintiff failed to file the complaint within the time prescribed by the applicable period of limitations and/or because the claim for relief fails to assert a constitutional violation.

---

[5] Although *Neitzke* interpreted 28 U.S.C. § 1915(d), the predecessor to § 1915(e)(2), the analysis contained therein remains applicable to the directives contained in the present statute.

It is further

ORDERED that on or before September 9, 2015 the parties may file objections to the Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 20th day of August, 2015.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE

6